# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KARA RATZLAFF,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | Case No. 09-cv-2133-JWL |
| **MIRACORP, INC.** ) | |
| **d/b/a National Truck** ) | |
| **and Trailer Services, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Compel Production of Discovery Responses and Electronic Discovery (doc. 41). For the reasons set forth below, the Motion is denied.

## I.  THE LAWSUIT

This is a Title VII employment case involving claims of sex discrimination and retaliatory discharge as well as battery claims. Plaintiff was an employee at Defendant Miracorp, Inc. in a research position during the period of January 4, 2007 to August 7, 2008. Defendant Lane Goebel was the CEO of Defendant Miracorp during this time. Plaintiff's employment at Defendant Miracorp was terminated on August 7, 2008.

Plaintiff contends that during her employment at Defendant Miracorp, Defendant Goebel forced her on numerous occasions to engage in sexual conduct as a condition of her continuing employment at Defendant Miracorp. Plaintiff further contends that when she began resisting Defendant Goebel's advances, he made it very clear that if Plaintiff did not continue to have sex with him, he would terminate her employment. According to Plaintiff, she discussed filing a sexual harassment claim with another female employee of Defendant Miracorp. Plaintiff claims that after Defendant Goebel became aware of her discussion with another employee concerning filing a sexual harassment claim, she was called into Shane Goebel's office, an officer of Defendant Miracorp, for

a meeting. Plaintiff contends that Defendant Goebel participated in this meeting by speakerphone. Plaintiff claims that Defendant Goebel asked if she was going to file a sexual harassment claim against him and Defendant Miracorp. According to Plaintiff, she eventually told Defendant Goebel that he had harassed her and other female employees, at which point Defendant Goebel fired Plaintiff and told her to leave the premises.

## II. THE DISCOVERY DISPUTE

On November 12, 2009, Plaintiff served her First Set of Interrogatories to Defendant Goebel, her First Set of Interrogatories to Defendant Miracorp, her First Request for Production of Documents to Defendant Goebel, and her First Request for Production of Documents to Defendant Miracorp.[1] On December 14, 2009, Defendant Miracorp served its Objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant Miracorp.[2] Dissatisfied with Defendant Miracorp's response and objection to Document Request No. 18, Plaintiff filed her Motion on March 10, 2010.

As an initial matter, the Court notes that Plaintiff's Motion and supporting memorandum are inconsistent in terms of their references to Defendant Miracorp and Defendant Goebel, thereby making it unclear as to whether Plaintiff is seeking to compel both defendants. There are instances

---

[1] Certificate of Service (doc. 14).

[2] Def. Miracorp Inc.'s Objections to Pl. Amy Wall's First Set of Interrogatories and Request for Produc. of Docs. to Def. Miracorp, Inc., attached as Ex. 1 to Pl.'s Mot. to Compel Produc. of Disc. Resps. and Electronic Disc. (doc. 41). The Court notes that the discovery attached to the Motion concerns Amy Walls, the plaintiff in another case pending in the District of Kansas. The *Walls* case is related to this case in that the plaintiffs in each case are making similar claims against Miracorp and Mr. Goebel. Each plaintiff is represented by the same counsel in each case, and defendants are also represented by the same counsel in each case. The Motion filed in this case is nearly identical to the motion to compel filed by Amy Walls in the other case. The Court assumes that Plaintiff's counsel inadvertently attached Document Request No. 18 from Amy Wall's case to the Motion in this case. However, it is clear from the parties' briefs that Document Request No. 18 and Defendant Miracorp's response and objection to Document Request No. 18 are identical in each case.

where Plaintiff states her concerns regarding "Defendants" objections to Document Request No. 18. In addition, Plaintiff claims that Defendant Goebel's Objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents are attached as Exhibit 1 to the Motion. However, the Court has reviewed Exhibit 1, and all other exhibits attached to the Motion, and finds no such objections or responses by Defendant Goebel. The Court therefore concludes that the only issue before it is Defendant Miracorp's objection and response to Document Request No. 18.

Document Request No. 18 asks Defendant Miracorp to produce "[a]ll electronic communications and documents by or between all employees, shareholders, managers, and/or directors from July 1, 2007 to present time."[3] In response, Defendant Miracorp objected to Document Request No. 18 on the grounds that it is overly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.[4] Defendant Miracorp pointed out that the document request is not limited in scope as to topic and claimed that it may seek information protected by The Trade Secret Act, K.S.A. 60-432.[5] Defendant Miracorp further stated that the burden and expense of the document request outweigh any likely benefit, considering the needs of the case, the amount in controversy, the parties' resources and the importance of the discovery in resolving the issues in dispute in this action.[6] Reserving this objection, Defendant

---

[3] Def. Miracorp Inc.'s Objections to Pl. Amy Wall's First Set of Interrogatories and Request for Produc. of Docs. to Def. Miracorp, Inc., attached as Ex. 1 to Pl.'s Mot. to Compel Produc. of Disc. Resps. and Electronic Disc. (doc. 41).

[4] *Id.*

[5] *Id.*

[6] *Id.*

Miracorp stated that it would produce the requested communications between Defendant Goebel and Plaintiff and between Defendant Goebel and Amy Walls.[7]

Before the Court can turn to the merits of the Motion, it must first determine whether Plaintiff's Motion was timely filed.

## III. TIMELINESS OF THE MOTION

Plaintiff served Defendant Miracorp with her First Request for Production of Documents on November 12, 2009.[8] It appears that although Defendant Miracorp served its objections to Plaintiff's First Request for Production of Documents, including Document Request No. 18, on December 14, 2009, at that time Defendant Miracorp's counsel informed Plaintiff's counsel that he was in the process of completing Defendant Miracorp's responses and would soon be providing paper documents responsive to Plaintiff's requests. Plaintiff received the documents from Defendant Miracorp on January 4, 2010. Plaintiff filed her Motion on March 10, 2010.

Under D. Kan. Rule 37.1, a motion to compel discovery "must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived."[9] Even assuming that the default occurred when Plaintiff received the documents in response to her First Request for Production of Documents on January 4, 2010, Plaintiff's Motion was due February 3, 2010. Plaintiff did not file her Motion

---

[7] *Id.*

[8] Certificate of Service (doc. 14).

[9] D. Kan. Rule 37.1(b).

4

until March 10, 2010. Thus, the Court must determine whether there is good cause to extend the time for Plaintiff to file her Motion.

Plaintiff argues that good cause exists to extend the time for filing her Motion. In support of this argument, Plaintiff claims that her delay in filing the Motion was based on Plaintiff's counsel's "good faith efforts to resolve the dispute with hopes of avoiding the filing and expense of a motion to compel."[10] Plaintiff attaches correspondence between Plaintiff's counsel and Defendant Miracorp's counsel to her Motion. Plaintiff's counsel sent a letter to Defendant Miracorp's counsel on January 5, 2010 in an attempt to resolve the discovery dispute, including Defendant Miracorp's objections to Document Request No. 18. Defendant Miracorp's counsel sent a reply letter on January 18, 2010, wherein he stated that Defendant Miracorp would not withdraw its objection to Document Request No. 18. Plaintiff's counsel then sent Defendant Miracorp's counsel a letter on January 28, 2010, stating that she had reviewed the documents provided by Defendant Miracorp and claiming that Defendant Miracorp had not produced "all of the electronic documents that they possess that are responsive to the request."[11]

On February 1, 2010, the parties participated in a telephone conference with the Court to informally discuss electronic discovery. The Court was not presented with the specific document request at issue, namely Document Request No. 18, but rather was asked to advise the parties concerning electronic discovery. The Court advised the parties to attempt to work out their issues concerning electronic discovery, either through a protective order or through the garnering of

---

[10] Pl.'s Mot. to Compel Produc. of Disc. Resps. and Electronic Disc. (doc. 41) at ¶ 22.

[11] January 28, 2010 Letter from Plaintiff's counsel to Defendant's counsel, attached as Exhibit 6 to Pl.'s Mot. to Compel Produc. of Disc. Resps. and Electronic Disc. (doc. 41).

information through a third party. The Court did not discuss any extension of time to file a motion to compel with the parties and no extension of time was requested.

On February 2, 2010, Plaintiff's counsel sent an email to Defendant Miracorp's counsel to discuss how the parties could retrieve information from Defendant Miracorp's computers. Plaintiff's counsel requested information about Defendant Miracorp's email system, such as the identity of the hosting company, the contract with the hosting company, and the services provided by the hosting company. Plaintiff's counsel sent a second email to Defendant Miracorp's counsel on February 5, 2010, requesting a response regarding the "outstanding e-discovery." Defendant Miracorp's counsel sent a reply email on February 8, 2010 stating that he had no problem engaging in informal discovery concerning Plaintiff's counsel's requests for information about Defendant Miracorp's email system so long as Plaintiff's counsel was also willing to answer informal discovery, such as Plaintiff's cellular telephone number and the name and billing address for her cellular telephone provider.

On or about February 10, 2010, counsel for the parties participated in a telephone conference to discuss the outstanding discovery and issues concerning electronic discovery. At that time, Defendant Miracorp's counsel stating he needed additional time to think about producing the emails as requested by Plaintiff and/or producing the hard drives of the employees for analysis by a third party. After the telephone conference, Plaintiff continued to raise issues concerning electronic discovery and copying of the hard drives at each of the depositions conducted in February 2010. Then, on March 3, 2010, Defendant Miracorp's counsel provided Plaintiff's counsel with a written denial of the copying and analyzing of Defendant Miracorp's hard drives.

According to Plaintiff, "there still remains at issue whether Plaintiff is entitled to copying

6

the hard drives of all computers to determine whether there exist any emails that are responsive to the outstanding discovery requests, thus the filing of the motion to compel."[12] Plaintiff argues that good cause exists to extend the time for her to file the Motion because as of March 1, 2010, Plaintiff's counsel believed that the issue had been resolved. Plaintiff further argues that Defendant Miracorp drastically changed its position on March 1, 2010, as explained in the March 3, 2010 denial letter. Finally, Plaintiff claims that Defendant Miracorp's counsel agreed not to raise the issue of timeliness with respect to the Motion.

However, Plaintiff does not provide any support for the claim that Defendant Miracorp agreed to an extension to file the Motion, and Defendant Miracorp appears to deny this claim. Indeed, Defendant Miracorp argues that there is not good cause to extend the time for filing the Motion. In addition, Defendant Miracorp points out that Document Request No. 18 does not seek production of Defendant Miracorp's hard drives for copying and that Plaintiff never formally propounded such a request. Thus, Defendant Miracorp argues that Plaintiff's Motion should be denied because it does not ask the Court to compel Defendant Miracorp to respond to Document Request No. 18, but rather asks the Court to enter an Order requiring Defendant Miracorp to allow Plaintiff access to all of Defendant Miracorp's computers, regardless of activity, for copying and analysis to determine the existence of additional electronic documents responsive to the pending discovery.

Having considered all relevant arguments, pleadings and exhibits, the Court concludes that Plaintiff has not demonstrated good cause to extend the deadline for filing the Motion. The Court certainly appreciates Plaintiff's counsel's attempts to resolve the discovery dispute before filing the

---

[12] Pl.'s Mot. to Compel Produc. of Disc. Resps. and Electronic Disc. (doc. 41) at ¶ 20.

Motion, as is required by Fed. R. Civ. P. 37 and D. Kan. Rule 37.2. However, it appears that over time, Plaintiff's counsel's attempts to resolve the dispute concerning Document Request No. 18, which seeks all electronic communications and documents by and between all employees, shareholders, managers and directors, somehow became an attempt to copy Defendant Miracorp's hard drives. Further, if the parties were in fact in agreement concerning the need for additional time to confer, then Plaintiff simply needed to file a motion for an extension of time to confer before filing her Motion. Plaintiff did not do this and instead opted to file her Motion well after the deadline. The Court thus finds that Plaintiff's Motion is untimely and will not extend the time for the filing of the Motion. The Court therefore need not consider the Motion on its merits.

## IV.     RULE 26(g)

Because of the nature of the document request involved in this discovery dispute, the Court is compelled to inform Plaintiff that even if it were to consider the Motion on its merits, the Motion would be denied. This is because Document Request No. 18 is the embodiment of the kind of document request that Fed. R. Civ. P. 26(g) attempts to prevent. Fed. R. Civ. P. 26(g) requires every discovery request to be signed by an attorney of record or by the party personally if unrepresented.[13] This signature "certifies that to the best of the person's knowledge, information, and belief, formed after a reasonable inquiry" the discovery request is "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."[14] Fed. R. Civ. P. 26(g) thus

---

[13] Fed. R. Civ. P. 26(g)(1).

[14] Fed. R. Civ. P. 26(g)(1)(B)(iii).

"imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37."[15]

The certification duty imposed by Fed. R. Civ. P. 26(g) compels counsel "to pause and consider the reasonableness of [the] request . . . ."[16] If the certification violates Fed. R. Civ. P. 26(g) without substantial justification, then the court must impose sanctions on the signer, the party on whose behalf the signer was acting, or both.[17] Such "sanction[s] may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."[18]

Document Request No. 18 seeks *all* electronic communications by and between *all* employees, *all* shareholders, *all* managers, and *all* directors from July 1, 2007 to present. This request is overbroad and unduly burdensome on its face. The request is in no way limited by topic. It simply seeks every email ever sent by all employees, all shareholders, all managers, and all directors since July 1, 2007. This request is absolutely unreasonable considering the needs of this case and the amount in controversy. Furthermore, it is not at all apparent how this universe of emails is relevant to the claims and defenses in this case. Although there may be some emails within the universe of emails requested by Plaintiff which are relevant, Document Request No. 18 makes no attempt to limit itself to these emails.

The Court therefore concludes without hesitation that if it were to consider the Motion on its merits, it would find a violation of Fed. R. Civ. P. 26(g) and would be required under that rule

---

[15] 1983 Advisory Committee Notes.

[16] *Id.*

[17] Fed. R. Civ. P. 26(g)(3).

[18] *Id.*

9

to impose sanctions on Plaintiff's counsel, Plaintiff, or both, unless they are able to demonstrate substantial justification for violating the rule.

V.     **EXPENSES**

Defendant Miracorp asks that the Court grant Defendant Miracorp the remedies afforded by Fed. R. Civ. P. 37(a)(5)(B) if the Court denies Plaintiff's Motion. Fed. R. Civ. P. 37(a)(5)(B) provides that if the motion to compel is denied, as is the case here, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."[19] However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."[20]

The Advisory Committee Notes to the 1993 Amendments to Fed. R. Civ. P. 37 make it clear that Court may consider the issue of sanctions "on written submissions." Here, Defendant Miracorp specifically requested the relief provided for under Fed. R. Civ. P. 37(a)(5)(B) in its response to the Motion. Plaintiff had the opportunity to address this request in her reply brief, which she failed to do. The Court therefore finds that Plaintiff had sufficient "opportunity to be heard" within the meaning of Fed. R. Civ. P. 37.

The Court must next determine whether the Motion was substantially justified. Considering the untimeliness of the Motion and the fact that Document Request No. 18 appears to be a clear violation of Fed. R. Civ. P. 26(g), the Court concludes that the Motion is not substantially justified.

---

[19] Fed. R. Civ. P. 37(a)(5)(B).

[20] *Id.*

10

The Court thus deems it just to allow Defendant Miracorp to recover a portion, if not all, of the reasonable expenses, including attorney fees, that it incurred in opposing the Motion.

Having determined that Defendant Miracorp is entitled to recover at least a portion, if not all, of its reasonable expenses, the Court must next determine whether Plaintiff's counsel or Plaintiff should be required to pay the sanctions. To the extent possible, sanctions should be imposed only upon the person or entity responsible for the sanctionable conduct.[21] The sanctioning of a party, as opposed to the party's counsel, "requires specific findings that the party was aware of the wrongdoing."[22] In the absence of any evidence that Plaintiff was responsible for drafting Document Request No. 18 and filing the Motion, the Court finds it appropriate to hold Plaintiff's counsel solely responsible for paying the monetary sanctions.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Production of Discovery Responses and Electronic Discovery (doc. 41) is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production of Discovery Responses and Electronic Discovery (doc. 41) is denied.

---

[21] *See White v. General Motors Corp. Inc.*, 908 F.2d 675, 685-86 (10th Cir. 1990) (imposing Rule 11 sanctions); *Starlight Int'l, Inc. v. Herlihy*, 190 F.R.D. 587, 593 (D. Kan. 1999) (imposing Rule 26(g) and 37(b) and (d) sanctions); *Giroux v. Farm Credit Bank of Wichita*, No. 95-1499-MLB, 1997 WL 109733, at *1 (D. Kan. Feb. 13, 1997) (imposing Rule 37(a)(4) sanctions).

[22] *White*, 908 F.2d at 685-86 (citations omitted).

**IT IS FURTHER ORDERED** that Defendant Miracorp is entitled to recover a portion, if not all, of the reasonable expenses, including attorney's fees, that it incurred in opposing the Motion.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall be solely responsible for paying the monetary sanctions.

**IT IS FURTHER ORDERED** that the parties shall meet and attempt to reach an agreement with regard to the award of expenses to Defendant Miracorp, including the amount, method, and any other issues regarding payment of the expenses. If the parties reach an agreement, they shall file an appropriate stipulation and request for an order on or before **August 10, 2010**.

**IT IS FURTHER ORDERED** that if the parties fail to file the appropriate stipulation with regard to the award of expenses to Defendant Miracorp by **August 10, 2010**, then Defendant Miracorp's counsel shall file, on or before **August 23, 2010**, an affidavit outlining the parties' attempts to reach an agreement with regard to the award of expenses to Defendant Miracorp, and itemizing the expenses, including attorney's fees, that Defendant Miracorp incurred in opposing the Motion.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall have until **September 2, 2010** to file a response to the affidavit.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, this 27th day of July 2010.

                                                  s/ David J. Waxse
                                                  David J. Waxse
                                                  U.S. Magistrate Judge

cc: All counsel and *pro se* parties.