**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **KARA RATZLAFF,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 09-2133** |
| **MIRACORP, INC., d/b/a National Truck and Trailer Services, and LANE GOEBEL,** | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM AND ORDER

Plaintiff Kara Ratzlaff filed this lawsuit against her former employer, MiraCorp, Inc., doing business as National Truck and Trailer Services, and MiraCorp's CEO Lane Goebel. Ms. Ratzlaff alleges in Count I that, while employed by MiraCorp, she suffered discrimination because of her sex in violation of Title VII of the Civil Rights Act of 1964. Count II asserts that Ms. Ratzlaff's termination violated Title VII because it was in retaliation for her plan to file a sexual harassment claim against Defendants. In addition to these federal claims, Ms. Ratzlaff's complaint includes a state law discrimination claim and sixteen state law battery claims.

Defendants have filed a motion for summary judgment (doc. 56) asking this court to dismiss the two federal law claims, arguing that MiraCorp does not meet the statutory definition of "employer" for purposes of Title VII. Additionally, Defendants ask this

court to decline to exercise supplemental jurisdiction over the state law claims.

Ms. Ratzlaff opposes the summary judgment motion and also filed a motion to strike (doc. 63), asserting that Defendants' reply was untimely. Defendants then filed a motion requesting permission to file their reply late (doc. 65).

For the reasons discussed below, Ms. Ratzlaff's motion to strike is denied, the motion to file the reply late is granted. Additionally, Defendants' motion for summary judgment is granted, and the court declines to exercise supplemental jurisdiction over the state law claims.

**1. Standard of Review**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Wright ex rel. Trust Co. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden of demonstrating an absence of a

genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding*, 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Adams v. Am. Guar. & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324. The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256; *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001). Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Mitchell v. City of Moore*, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671). To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Adams,* 233 F.3d at 1246.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut"; rather, it is an important procedure "designed 'to secure the just, speedy and

inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

**2. Discussion**

Title VII's antidiscrimination provision makes it unlawful for an employer to "refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). MiraCorp is subject to Title VII, however, only if it meets the statutory definition of "employer"—a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The "current" calendar year is 2008, the year the alleged discriminatory actions occurred. *Jensen v. Johnson County Youth Baseball League*, 838 F. Supp. 1437, 1441 (D. Kan. 1993). Thus, the analysis in this case revolves around how many people MiraCorp employed during 2007 and 2008.

"In our review of the antidiscrimination laws we must be mindful of their remedial purposes, and liberally interpret their provisions to that end." *Wheeler v. Hurdman*, 825 F.2d 257, 262 (10th Cir. 1987). "Such liberal construction is also to be given to the definition of 'employer,' . . . and the term 'employee.'" *Trainor v. Apollo Metal Specialities, Inc.*, 318 F.3d 976, 983 (10th Cir. 2002) (internal citations and quotation marks omitted).

Whether a person is an employee is not determined based on whether the person actually worked on any particular day but rather on whether an employment relationship existed on the day in question. *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 206-08 (1997). An "employment relationship is most readily demonstrated by individual's appearance on the employer's payroll," *id.* at 206, but "an individual who appears on the payroll but is not an 'employee' under traditional principles of agency law . . . would not count," *id.* at 211-12 (citation omitted). *Morris-Eberhart v. J.G. Mathena & Assoc., Inc.*, 63 F. Supp. 2d 1301, 1305 (D. Kan. 1999). "Thus, *Walters* does not establish that only a wage or salary will establish an 'employment relationship,' because an individual's appearance on the payroll is not always determinative." *Id.* (internal citation and quotation marks omitted). "[T]he ultimate touchstone under § 2000e(b) is whether an employer has *employment relationships* with 15 or more individuals." *Walters*, 519 U.S. at 211-12 (emphasis added).

To that end, Defendants submitted affidavits from Linda Goebel, an owner of MiraCorp who serves as the office manager and controller. Ms. Goebel is also the primary person responsible for managing employee payroll, and she included information in her affidavit about each employee's first and last day of employment with the company.[1] Ms. Ratzlaff tendered to the court numerous pages of MiraCorp's tax and

---

[1] The facts discussed below come from Defendants' memorandum in support of (continued...)

payroll documents.

Based on Ms. Goebel's affidavits and the payroll documents, the following facts are either uncontroverted or stated in the light most favorable to plaintiff, the nonmoving party. *See, e.g., Adler*, 144 F.3d at 670.

A. 2007

In 2007, MiraCorp had eleven employees who worked the entire calendar year. A twelfth employee began work on April 2, 2007; a thirteenth employee began on August 6, 2007; a fourteenth employee began on September 24, 2007. All three of those employees who started at MiraCorp during 2007 continued working there at least through the end of that year.

In addition, Melissa Gulotta, one of the owners' daughters, worked on a temporary basis for the company in January, February, and March 2007. Specifically, she cleaned the company office one day a week from January 1 to March 23, 2007. She

---

[1](...continued)
the motion (doc. 57), Ms. Ratzlaff's response in opposition (doc. 58), and Defendants' reply (doc. 62). Ms. Ratzlaff filed a motion to strike the reply (doc. 63) because it was untimely. Defendants admit that the filing was late, but explain that they were using the most current published copy of the local rules, which did not include a March 17, 2010 change in the filing deadlines. Defendants also then requested permission to file their reply out of time (doc. 65).

Whether to excuse a late filing is within the court's discretion. *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005). Absent an allegation by the opposing party that it suffered prejudice because of the delay, this Court generally allows such filings. *See, e.g., id.* (holding that party could file brief approximately two months late). Given the short delay and absence of prejudice to Ms. Ratzlaff, the motion to strike Defendants' reply is denied and Defendants' motion to file a late reply is granted.

never worked for the company after March 2007 and never again received a paycheck from MiraCorp.

Also in 2007, Amy Morrow,[2] another daughter of the owners, appears on the payroll records from May 21 until December 14, 2007. During that time, she was a full-time student, living part of those months in Alabama and part in Spain. MiraCorp added her to the payroll "in order for her to receive a direct deposit gift of money she could use for school and living expenses." She performed no services for MiraCorp and did not in any way work for the company, despite being on the payroll.

Ms. Ratzlaff argues that Ms. Gulotta and Ms. Morrow should be counted as employees of MiraCorp. She maintains that even employees like Ms. Gulotta who only work one day a week should be counted as full-time employees for purposes of Title VII. And she argues that since Ms. Morrow was on the company's payroll, she too should be counted, even though she performed no work for MiraCorp.

Without factoring either of these women into the totals, MiraCorp did not employ fifteen people at all during 2007. Even adding in Ms. Gulotta during January through March, and adding in Ms. Morrow from May through December, the times they were receiving money from MiraCorp, the company only had fifteen employees for twelve weeks of 2007. Thus, the court need not decide the legal issues Ms. Ratzlaff raises, because even assuming her arguments are correct, MiraCorp still does not satisfy the

---

[2] She was known at the time as Amy Goebel.

Title VII definition of "employer" for 2007.

Ms. Ratzlaff, however, attached to her memo in opposition, payroll summary information for each pay period. Ms. Gulotta appears in those print-outs for all of 2007, even though she only received compensation through March. Ms. Ratzlaff seems to be arguing that because Ms. Gulotta still shows up in the payroll summary information, that she is officially on the company's payroll and should be counted as an employee for purposes of Title VII.

The payroll summaries, however, include both current compensation information as well as year-to-date data. Thus, anyone who has received payment from MiraCorp in any prior pay period would continue to appear in the payroll summary print-outs through the end of the year because they have year-to-date information, despite no longer being an employee of the company. The same is true in the 2008 payroll summaries Ms. Ratzlaff attached, where employees who left the company mid-year, including Ms. Ratzlaff herself, show up in later print-outs with their year-to-date payroll information, despite receiving no compensation from MiraCorp in that current pay period.

As noted earlier, the Supreme Court did not hold that "only a wage or salary will establish an 'employment relationship,' because an individual's appearance on the payroll is not always determinative." *Morris-Eberhart*, 63 F. Supp. 2d at 1305 (internal citation and quotation marks omitted). Instead, "the ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with 15 or more individuals." *Walters*, 519 U.S. at 211-12. Indeed, the Court noted that "all one needs

to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He is counted as an employee for each working day after arrival and before departure." *Id.* at 211.

Thus, even though Ms. Gulotta's name was technically on the payroll documents, she would not count as an employee for Title VII purposes after the date she stopped working for the company. Ms. Goebel's affidavit, uncontradicted by Ms. Ratzlaff, asserted that Ms. Gulotta only worked for the company through March 2007, and her employment relationship with MiraCorp ended then. Ms. Ratzlaff does not dispute that, relying only on the appearance of Ms. Gulotta's name on the payroll information sheets. In doing so, however, Ms. Ratzlaff ignores that although *Walters* focused on the employer's payroll listing, it "still retain[ed] the traditional common-law principles of agency law in determining whether an individual is an 'employee.'" *Morris-Eberhart*, 63 F. Supp. 2d at 1305; *see also Walters*, 519 U.S. at 211-12.

Ms. Ratzlaff also raises a vague challenge to Defendants' payroll practices by citing a portion of Ms. Goebel's deposition where she noted that one employee's compensation was to be added to another employee's paycheck. Defendants explain in their reply, however, that when Ms. Gulotta worked for a couple of months cleaning the company office, her compensation was added into the paycheck of her husband, also a MiraCorp employee. Ms. Ratzlaff did not contradict this explanation, nor did she offer any suggestion that this happened at other times or that it affected payroll numbers. Indeed, Ms. Gulotta's compensation is reflected in the payroll documents, despite that

it was included in her husband's paycheck. This argument, therefore, has no bearing on whether or not MiraCorp employed more than fifteen people for the required statutory period.

B. 2008

MiraCorp began 2008 with fourteen employees. A new employee joined the company on February 8, and so MiraCorp had fifteen employees for eight weeks plus four days until one person left on April 9, bringing the total back to fourteen. An employee left the company on May 9, dropping the total to thirteen. A fourteenth employee began working for MiraCorp on June 23. A fifteenth employee started on August 6, but the following day on August 7, two employees (including Ms. Ratzlaff) left the company, bringing the total back down to thirteen for the rest of 2008.

Thus, MiraCorp had fifteen employees for an eight-week period (plus four days) between February and April, and then for two days in August. Again, this does not satisfy Title VII's definition of "employer."

Ms. Ratzlaff, however, identified another employee on the payroll list. Ms. Morrow was a part-time employee of the company from June 27 to August 4, but Defendants assert that she only worked two full weeks, and during the other weeks, did not work every day.

The court need not decide the legal issue about whether a part-time employee counts for purposes of Title VII even if that employee did not work on some days of the week. Even assuming that Ms. Morrow qualified as an employee, MiraCorp still does

not satisfy the definition of "employer." Factoring in Ms. Morrow's work from June 27 to August 4, MiraCorp had fifteen or more employees from June 27 until August 7, a period of six weeks. Thus, even counting Ms. Morrow, MiraCorp only had fifteen employees for a total of fourteen weeks plus four days.

Again, Ms. Ratzlaff seems to suggest that the court should count employees who continue to show up on the payroll information sheets through the end of the year. As explained above, however, employees remain on the payroll print-outs because they have year-to-date compensation data, even if they have no current payments from MiraCorp. And Ms. Ratzlaff has not contradicted Defendants' statements about when employees left the company; she does not suggest that they continued to have an employment relationship with MiraCorp. As such, they are not counted as employees for purposes of Title VII.

Ms. Ratzlaff also contends that she and Amy Walls, who was terminated on the same day as Ms. Ratzlaff and who also has filed a Title VII lawsuit against Defendants, *Walls v. MiraCorp, Inc.*, No. 09-2112, should be counted as employees throughout the end of 2008, the year they were terminated. Ms. Ratzlaff suggests that this reading of the statute is consistent with the broad purposes of Title VII and would remove any incentive for employers to fire employees merely so they could avoid being subject to Title VII requirements.

In support of this bold claim, Ms. Ratzlaff cites to *Robinson v. Shell Oil Co.,* 519 U.S. 337 (1997), which held that the term "employees" as used in the antiretaliation

provision of Title VII includes former employees. *Robinson*, 519 U.S. at 346. The *Robinson* Court, however, was interpreting a specific provision of Title VII, 42 U.S.C. § 2000e-3, the provision allowing "employees" to seek relief for retaliatory practices. To that end, the Court concluded that former employees could seek such relief; the Court thus held that "employees" included former employees.

However, Ms. Ratzlaff has identified no authority that would support her broad argument that all former employees should be counted as employees for purposes of defining whether an entity is an employer. Doing so would clearly contradict the Court's holding in *Walters*. And indeed, the *Robinson* Court mentioned *Walters*' definition of employee as used in § 2000e(b), but then continued to adopt a different definition given the context of § 2000e-3. Thus, former employees with no remployment relationship with the company are not counted for purposes of defining an "employer."

C. Conclusion

Given the above analysis, this court concludes that MiraCorp did not have fifteen employees for twenty weeks in either relevant calendar year. As such, it is not subject to the requirements of Title VII. Ms. Ratzlaff's Title VII claims, Counts I and II, are therefore dismissed.

**3. Supplemental Jurisdiction**

In light of the fact that the court must dismiss plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over the remaining state law claims against

Defendants. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it had original jurisdiction). Accordingly, Counts III-XIX are hereby dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to strike (doc. 63) is denied, and Defendants' motion to file reply out of time (doc. 65) is granted.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (doc. 56) is granted and Counts I and II are dismissed. The court declines to exercise supplemental jurisdiction over the state law claims, and dismisses Counts III-XIX.

**IT IS SO ORDERED** this 21st day of September, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge